UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

ERICK O. LERMA,

Petitioner,

v.

WARDEN, BLUEBONNET DETENTION CENTER,

Respondent.

No. 1:26-CV-00174-H

**ORDER**

Petitioner Erick O. Lerma, a self-represented immigrant detainee, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention in the Bluebonnet Detention Center pending removal proceedings. Dkt. No. 1. He seeks release from detention or an individualized bond hearing.

Respondent filed a response along with relevant records, urging the Court to deny the petition. Dkt. Nos. 10, 11. Respondent contends that Petitioner is subject to mandatory detention as an applicant for admission under 8 U.S.C. § 1225, so he is ineligible for release. And Respondent argues that Petitioner's detention pending his removal proceedings does not otherwise offend the Due Process Clause.

Petitioner replied, disputing some of the Respondent's factual allegations, emphasizing his prior release on humanitarian parole, and insisting that his detention is governed by the discretionary provisions of Section 1226 rather than the mandatory provisions of Section 1225. Dkt. No. 12.

The Court has reviewed Petitioner's pleadings and Respondent's response with the attached records. Based upon the facts and the law set forth in Respondent's response and

supported by the relevant records, the Court finds that Petitioner is not entitled to federal habeas relief. The Court has consistently found, in cases indistinguishable from this one, that applicants for admission like Petitioner are properly detained without bond under Section 1225(b)(2)(A), and that the Fifth Amendment does not require release under these circumstances.[1]

Alternatively, the Court takes judicial notice of the publicly available automated case information provided by the Executive Office of Immigration Review, which reflects that Petitioner was ordered removed on May 13, 2026, and he did not appeal the removal order to the BIA.[2] As a result, Petitioner's detention is now authorized by Section 1231 because he is subject to an administratively final order of removal. Thus, Petitioner's challenge to his mandatory detention under Section 1225 is moot, and any challenge Petitioner could raise to his post-removal-order detention under Section 1231 is premature. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Additionally, the online detainee locator system maintained by the United States Immigration and Customs Enforcement (ICE) indicates that Petitioner is no longer in ICE custody.[3] For these reasons, it appears that the petition is also subject to dismissal as moot.

---

[1] *See, e.g.*, *Higareda-Cano v. Noem*, No. 1:25-CV-225, 2026 WL 274495 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418 (N.D. Tex. Jan. 15, 2026); *Garibay-Robledo*, 814 F. Supp. 3d 747; *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Zuniga v. Lyons*, 814 F. Supp. 3d 685 (N.D. Tex. 2025). The Court also notes that a binding precedential stay issued by the Fifth Circuit forecloses the grant of habeas relief as a matter of substantive and procedural due process. *Sosnava Rodriguez v. Ortega*, Nos. 26-50183, 26-50219, & 26-50221, Dkt. Nos. 178-1, 199-1 (5th Cir. July 22, 2026). Even were the stay not in effect, the Due Process Clause does not require relief in these circumstances. *Diaz Patino v. Villegas*, 822 F. Supp. 3d 718, 723–26 (N.D. Tex. 2026) (discussing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)); *Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747, 759–60 (N.D. Tex. 2026).

[2] https://acis.eoir.justice.gov/en/caseInformation (last checked Aug. 17, 2026).

[3] https://locator.ice.gov/odls/#/search (last checked Aug. 17, 2026).

For these reasons, the petition is denied and dismissed without prejudice for lack of jurisdiction.

So ordered.

The Court will enter judgment accordingly.

Dated August 26, 2026.

JAMES WESLEY HENDRIX
United States District Judge